## STATE

v.

## ONE PARCEL OF REAL PROPERTY.

### No. 94–581–A.

Supreme Court of Rhode Island.

Nov. 16, 1995.

Bruce A. Strachan.

James Ruggiero.

### ORDER

This matter came before the Supreme Court on November 6, 1995, pursuant to an order directing the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, referred to as a parcel of real estate known as Talbot Manor, located in Cranston, Rhode Island, appeals from a Superior Court order denying its motion to amend its answer to the complaint and to add a counterclaim.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be decided at this time.

Julia Renagaldo's real property was seized by the State of Rhode Island following her arrest on drug charges pursuant to G.L.1956 (1989 Reenactment) § 21–28–5.04. This forfeiture action was filed in January of 1989. The defendant filed an answer in February of 1989 and failed to assert a counterclaim. The property was eventually foreclosed and sold. More than five years later, after being

reached on the Superior Court trial calendar, the defendant sought to amend its answer to include a counterclaim for damages. Prior to defendant's motion, the state had moved to dismiss the action without prejudice under Superior Court Rules of Civil Procedure 41(a) because the property had been sold.

The trial justice denied the defendant's motion to assert the counterclaim and granted the plaintiff's motion to dismiss. The defendant argues on appeal that the trial justice abused his discretion in denying the defendant's motion to amend.

This court has previously held that it is within the sound discretion of the trial justice to grant or deny a motion to amend pleadings and that the trial justice's decision should not be disturbed absent an abuse of discretion. *Ricard v. John Hancock Mutual Life Insurance Co.*, 113 R.I. 528, 324 A.2d 671 (1974). The counterclaim in this instance was permissive in nature and denial of the motion to amend would not prevent the defendant from filing a separate action seeking the remedies it desires. Since the matter had been reached for trial, and since five years had elapsed without the defendant filing a counterclaim, the state would have been prejudiced by the undue and unexplained delay. Moreover, the state has voluntarily dismissed the original complaint and, therefore, would have been prejudiced in having to proceed to trial on the counterclaim.

For these reasons the defendant's appeal is denied and dismissed. The order appealed from is affirmed and the papers of the case are remanded to the Superior Court.